# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Criminal Action Number** |
| | ) | **07-03053-01-CR-S-RED** |
| Joseph Wilson, | ) | |
| | ) | |
| Defendant. | ) | |

## Report and Recommendation

Pending before the Court is the MOTION TO SUPPRESS EVIDENCE AND REQUEST FOR A FRANKS HEARING filed on August 21, 2007 (Doc. #21) by defendant Joseph Wilson ("Wilson"). On December 21, 2007, the undersigned held an evidentiary hearing on the defendant's motion.[1] Wilson was present and was represented by his counsel, Ian A. Lewis. The government was represented by Assistant United States Attorney James J. Kelleher. At the evidentiary hearing, Wilson called the sole witness, Ms. Tiffany Diane Taylor. Additionally, the following exhibit was admitted into evidence:

| Number | Description |
|---|---|
| Govt. #1 | Search warrant application and affidavit. |

---

[1] The evidentiary hearing was scheduled and conducted out of an abundance of caution and without making a definitive finding that a *Franks* hearing was warranted. Because the Court concludes, *infra*, that Wilson does not have a valid *Franks* claim, the Court will utilize the facts developed at the evidentiary hearing to address Wilson's *Franks*' claim as if a preliminary showing for a *Franks* hearing had been established by Wilson. The other suppression issue raised by Wilson (the sufficiency of the search warrant affidavit) is limited to an examination of the four corners of the affidavit and did not require an evidentiary hearing.

On the basis of all the evidence adduced at the evidentiary hearing, the undersigned submits the following:

## PROPOSED FINDINGS OF FACT

1.      On April 1, 2006, Sergeant John E. Long of the Ozark County Sheriff's Department filed an affidavit in support of an application for a search warrant to search the residence, outbuildings and vehicles on property occupied by Wilson in Isabella, Mo.  Gov't Ex. 1.

2.      In his affidavit, Sgt. Long stated that he had been approached by a confidential informant on April 1, 2006, who wished to remain anonymous because of fear of retaliation.  Gov't Ex. 1.

3.      According to Sgt. Long, the confidential informant stated that:

   (a)      she had personal knowledge of Wilson buying and selling large amounts of marijuana and pills (including Vicodin, Oxycoton, Hydrocodone, and Xanax) from his Isabella residence;

   (b)      she had personally seen Wilson with approximately one-half pound of marijuana on March 30, 2006;

   (c)      Wilson was a convicted felon;

   (d)      Wilson usually carried a .22 caliber pistol on his person and kept a .22 caliber rifle at his residence;

   (e)      Wilson hid his drugs in a floor vent inside his bedroom;

   (f)      Wilson bought his drugs in Kansas City and sold them in Ozark County for cash profit;

   (g)      Wilson sold marijuana for $25 per quarter ounce, $60 per half ounce, $100 per ounce, $400 per quarter pound, and $1,500 per pound.
   Gov't Ex. 1.

4.      In addition, Sgt. Long noted in his affidavit that the confidential informant had given reliable information in the past concerning drug cases in Ozark County and that the confidential informant had given detailed and precise information regarding Wilson's illegal drug activity.  Gov't Ex. 1.

2

5.      As to Wilson, Sgt. Long's affidavit declared that he (Sgt. Long) had received several calls concerning Wilson displaying a firearm and he (Sgt. Long) had prior knowledge – through surveillance and other informants – that Wilson was involved in the distribution of illegal drugs.  Gov't Ex. 1.

6.      Tiffany Diane Taylor was involved in a romantic relationship with Wilson prior to April 1, 2006.  Tr. at 5-6.

7.      On approximately March 31, 2006, Ms. Taylor ended her relationship with Wilson when she discovered that he was involved in a romantic relationship with another woman.  Tr. at 8-9.

8.      On April 1, 2006, Ms. Taylor met with Sgt. Long to provide him with information regarding drug dealings involving Wilson.[2]  Tr. at 6-7.

9.      Ms. Taylor is "pretty positive" that Sgt. Long knew that she had learned that Wilson was cheating on her.  Tr. at 9.

10.     During the time period that Ms. Taylor was involved with Wilson and was proving information to Sgt. Long, she would use cocaine on occasion.  Tr. at 7-8.

11.     Earlier on April 1, 2006, Ms. Taylor had received medical treatment at the Ozark County Medical Center for knee pain due to a basketball injury.  Tr. at 9-10.

12.     The doctors at the Ozark County Medical Center gave Ms. Taylor an injection in her knee and told her that the injection might make her drowsy.  Tr. at 10, 15.

13.     Sgt. Long was aware that Ms. Taylor had received the injection.  Tr. at 11.

14.     The doctors at the Ozark County Medical Center told Ms. Taylor that the injection would make her drowsy after approximately 20 to 30 minutes.  Tr. at 15.

15.     Ms. Taylor spoke with Sgt. Long about five minutes after receiving the injection.  Tr. at 11.

16.     Ms. Taylor spoke with Sgt. Long for about 15 minutes.  Tr. at 15.

---

[2]      Since the time that the search warrant was applied for in this case, Sgt. Long has passed away and is unavailable to testify.  Wilson argues (with some strong evidentiary credence) that Ms. Taylor was the confidential informant for Sgt. Long's affidavit.  For purposes of this ruling, the Court will assume that Ms. Taylor was the confidential source for Sgt. Long's factual recitation in paragraphs 2, 3 and 5 of his affidavit in support of the issuance of a search warrant.

3

17.     The injection in Ms. Taylor's knee did not cause her to "make things up" or fabricate her story to Sgt. Long. Tr. at 14

18.     Ms. Taylor did tell Sgt. Long that she had seen a half pound of marijuana at Wilson's residence on March 30, 2006, and that statement was accurate. Tr. at 12.

19.     Ms. Taylor was aware that Wilson was a convicted felon and told that information to Sgt. Long. Tr. at 13.

20.     Ms. Taylor cannot recall whether she mentioned specific drugs sold by Wilson but, if she told Sgt. Long that Wilson was selling Vicodin, Oxycoton, Hydrocodone and Xanax, it was an accurate statement. Tr. at 12-13.

21.     Prior to April 1, 2006, Ms. Taylor had never seen Wilson carrying a firearm and she does not remember telling Sgt. Long that she had seen Wilson carrying a firearm. Tr. at 8.

22.     However, Ms. Taylor did tell Sgt. Long that Wilson had a .22 caliber pistol and a .22 caliber rifle in his house. Tr. at 13.

23.     Ms. Taylor also told Sgt. Long accurate information as to Wilson's pricing system for his marijuana sales. Tr. at 14.

24.     Ms. Taylor had provided information to the Ozark County Sheriff's Department regarding criminal activity on one prior occasion and the information provided was accurate. Tr. at 14-15.

25.     On April 1, 2006, on the basis of the information contained in the affidavit and application for search warrant, the Honorable John Jacobs, Ozark County Associate Circuit Judge issued the search warrant for Wilson's residence.

## PROPOSED CONCLUSIONS OF LAW

In his motion to suppress, Wilson argues that (1) Sgt. Long deliberately or in reckless disregard of the truth, omitted information in his affidavit for a search warrant, and those omissions were necessary to a finding of probable cause, all in violation of *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674 (1978), and/or (2) the affidavit submitted by Sgt. Long does not

provide probable cause for the issuance of search warrant. The Court concludes that neither argument warrants a suppression of the evidence obtained with the search warrant in this case.

To prevail on a *Franks* challenge to a search warrant application, a defendant must establish "that a false statement was included in the affidavit knowingly and intentionally or with reckless disregard for its truth, and that the affidavit's remaining content is insufficient to establish probable cause." *United States v. Roberson*, 439 F.3d 934, 939 (8th Cir.2006). Even if the contested statements are false and misleading, the search warrant may still stand if the offending statements are removed and the remaining statements in the application would support a finding of probable cause to support the search warrant. *Id.*

In this case, the only arguably "false statement" identified by Wilson concerning the affidavit is that portion of the affidavit that reads:

> The informant states that Joe Wilson is a convicted felon and he usually carries a .22 caliber pistol on his person and has a .22 caliber rifle in his residence.

In her testimony, Ms. Taylor (who is assumed to be the confidential informant described in the affidavit) stated that she was aware that Wilson was a convicted felon and told that to Sgt. Long. She also testified that she told Sgt. Long that Wilson had a .22 caliber pistol and a .22 caliber rifle in his house. However, Ms. Taylor testified that she had never seen Wilson carrying a pistol and she did not recall telling Sgt. Long that she had seen Wilson with a pistol.

Initially, the Court notes that Ms. Taylor's testimony is not necessarily evidence of the inclusion of a "false statement" in the affidavit. Ms. Taylor was aware that Wilson had a pistol and even though she had never seen him carrying it in her presence, it is possible that he told her about the gun and told her that he usually carried it on his person. Moreover, the allegedly false

5

statement does not detract from the probable cause finding. Even if the reference to Wilson carrying the pistol on his person is excised from the affidavit, the affidavit's remaining content regarding first hand knowledge of the type and amount of recent narcotics activity is sufficient to establish probable cause to believe there would be evidence of illegal narcotics activity found at Wilson's residence.

While *Franks* involved a false statement expressly stated in an affidavit, its reasoning has been extended to allow challenges based on alleged deliberate material omissions from the affidavit as well. *See*, *e.g.*, *United States v. Jacobs*, 986 F.2d 1231, 1234 (8ᵗʰ Cir.1993); *United States v. Dennis*, 625 F.2d 782 (8ᵗʰ Cir.1980). In this case, Wilson argues that Sgt. Long's affidavit failed to include information that:

    (1)    Ms. Taylor had been in a romantic relationship with Wilson that had just ended badly;

    (2)    Ms. Taylor used cocaine and Ms. Taylor had received an injection for her knee on the date that she spoke with Sgt. Long.

To prevail on a *Franks* claim based on an omission of fact, the defendant must prove (1) that facts were omitted with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading, and (2) that the affidavit, if supplemented with the omitted information, would not have been sufficient to support a finding of probable cause. *United States v. Allen*, 297 F.3d 790, 795 (8ᵗʰ Cir.2002); *United States v. Reivich*, 793 F.2d 957, 960-61 (8ᵗʰ Cir.1986). In other cases, courts have found that omission of these types of facts was not material. *See*, *e.g.*, *United States v. Perry*, 247 Fed. Appx. 712, 715 (6ᵗʰ Cir. 2007) ("Additional information describing the informant's romantic involvement with [the defendant] would not make her statements any less reliable."); *United States v. Rivera*, 410 F.3d 998, 1002 (8ᵗʰ Cir.

Case 6:07-cr-03053-MDH   Document 33   Filed 05/28/08   Page 6 of 8

2005) (search warrant affidavit omitted fact that informant "was a long-term heroin addict").

The Court concludes that the omissions in this case were not material and even if the omitted

matters had been included in the search warrant affidavit, the affidavit was sufficient to establish

probable cause.[3]

Finally, Wilson argues that even if the search warrant affidavit does not violate *Franks*,

suppression is still required inasmuch as the affidavit as presented does not provide probable

cause.  To that end, the Eighth Circuit has stated:

> If an affidavit in support of a search warrant sets forth sufficient
> facts to lead a prudent person to believe that there is a fair
> probability that contraband or evidence of a crime will be found in
> a particular place, probable cause to issue the warrant has been
> established.

*United States v. Grant*, 490 F.3d 627, 631 (8th Cir. 2007) (*citing Illinois v. Gates*, 462 U.S. 213,

238 (1983)).  A review of the probable cause determination is based upon only that information

which is found within the four corners of the affidavit.  *United States v. Olvey*, 437 F.3d 804, 807

(8th Cir.2006).  Moreover, "[w]hether probable cause to issue a search warrant has been

established is determined by considering the totality of the circumstances presented to the

issuing judge, and resolution of the probable cause question by an issuing judge should be paid

great deference by reviewing courts."  *Grant*, 490 F.3d at 632.  The affidavit should be reviewed

using a common sense approach rather than a hyper technical manner.  *Grant*, 490 F.3d at 632.

Probable cause requires only a showing of fair probability, not hard certainties.  *Gates*, 462 U.S.

at 231.  Here, the information contained within the affidavit presented to Judge Jacobs

---

[3]        Not only do the omitted facts add nothing to the probable cause determination for
the issuing judge, Sgt. Long had valid reasons for excluding this extraneous material inasmuch
as the omitted items would make Ms. Taylor readily identifiable as the confidential informant.

adequately demonstrates a fair probability of finding evidence of a crime at Wilson's residence; thus, the search warrant is valid. *United States v. Caswell*, 436 F.3d 894, 897 (8th Cir.2006) (search warrant is valid under the Fourth Amendment if it establishes probable cause). Based on the totality of the circumstances and information contained in the affidavit and presented to Judge Jacobs, this Court recommends a finding that there was fair probability that evidence of illegal narcotics activity would be found at Wilson's residence.

Accordingly, it is

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order **DENYING** Wilson's MOTION TO SUPPRESS EVIDENCE AND REQUEST FOR A *FRANKS* HEARING filed on August 21, 2007 (Doc. #21).

Counsel are reminded that each has 10 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

*/s/ John T. Maughmer*
**John T. Maughmer**
**United States Magistrate Judge**

Case 6:07-cr-03053-MDH   Document 33   Filed 05/28/08   Page 8 of 8